IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTEN BLAZE O'MEARA, #57116-177, MOVANT, | § § § § | |
| v. | § § § | CIVIL CASE NO. 3:20-CV-3154-D-BK (CRIMINAL CASE NO. 3:18-CR-6-D-47) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Kristen Blaze O'Meara's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the § 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

### I.    BACKGROUND

In 2018, O'Meara pled guilty, pursuant to a plea agreement, to possessing methamphetamine with intent to distribute and was sentenced to 240 months' imprisonment and a three-year term of supervised release. Crim. Doc. 744.[2] O'Meara did not file a direct appeal.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] All "Crim. Doc." Citations refer to the related case: *United States v. O'Meara*, No. 3:18-CR-6-D(47) (N.D. Tex. Sept. 21, 2018).

On October 8, 2020, O'Meara unsuccessfully sought a sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 2. In its order, the Court also liberally construed O'Meara's arguments regarding sentencing on the basis of "ghost dope" and ineffective assistance of counsel as collateral challenges to her sentence, and thus severed and recharacterized them under the instant cause of action as O'Meara's first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1. O'Meara subsequently filed the instant amended motion alleging (1) trial counsel failed to file a notice of appeal despite her requests to do so, and (2) the Presentence Report improperly calculated the drug quantity and included a firearm enhancement. Doc. 5 at 13–16. Because O'Meara's § 2255 motion appeared to be untimely, the Court ordered her to respond regarding the application of the one-year statute of limitations, which she has now done. Doc. 6 at 1–2; Doc. 9.

After a review of the relevant pleadings and law, the Court concludes that O'Meara's motion is barred by the applicable limitations period and should be dismissed.

II.   ANALYSIS

A.  O'Meara's § 2255 Motion is Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The period runs from "the date on which the judgement of conviction becomes final . . . ." *Id.* O'Meara does not allege any facts that could trigger a starting date under subsections 2255(f)(2)–(4) and appears to rely solely on subsection 2255(f)(1). Under that provision, a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

O'Meara's conviction became final on October 5, 2018, the last day on which she could have filed a timely direct appeal from the September 21, 2018 judgment. FED. R. APP. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). The limitations period for seeking § 2255 relief therefore commenced on that day, and O'Meara's § 2255 motion was due by October 5, 2019. Because O'Meara did not file her the claims subsequently construed by the Court as her § 2255 motion until October 5, 2020[3]—the earliest possible date on which it can be deemed filed—the motion is time barred.

O'Meara asserts that her § 2255 motion is timely filed because the district judge directed the clerk of the court to open a new motion to vacate, set aside, and correct sentence under 28 U.S.C. § 2255. Doc. 5 at 11. Contrary to O'Meara's assertion, however, the Court's order did not address the timeliness or merits of a § 2255 motion. Doc. 1 at 6-7. As explained previously, under § 2255(f)(1), the deadline for filing is calculated from the date O'Meara's conviction became final—that is, the deadline for timely appealing her sentence and conviction. The date the Court ordered the claims challenging O'Meara's sentence severed and opened in this new habeas action is not relevant to that calculation.

O'Meara also generally invokes the "savings clause" of § 2255. Doc. 9 at 1 ("[Movant] relies upon the Savings Clause to prevent miscarriage of justice and a violation of O'Meara's due process rights."). But such a claim is cognizable only in a habeas corpus petition under 28

---

[3] O'Meara neither dated her sentence reduction/compassionate release motion (filed on October 8, 2020) nor certified the date on which she placed it in the prison mailing system. Doc. 2 at 6; see Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" when inmate uses jail/prison's internal mailing system and certifies under 28 U.S.C. § 1746 or by a notarized statement the date of deposit and that first-class postage was prepaid). Thus, the earliest possible date her § 2255 motion can be deemed filed is October 5, 2020, the date her sentence reduction/compassionate release motion containing the claims now asserted here was postmarked. Doc. 2 at 7.

U.S.C. § 2241, and, as such, does not afford a basis to excuse the untimely filing of her § 2255 motion. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003) (under the "savings clause," the petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective to test the legality of her detention and that (1) her claims are based on a retroactively applicable Supreme Court decision, which establishes the petitioner may have been convicted of a nonexistent offense, and (2) her claims were foreclosed by circuit law at the time when the claims should have been raised in her trial, appeal, or first § 2255 motion (citing *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001)).

Thus, based on the foregoing, O'Meara's § 2255 motion is untimely absent equitable tolling.

### B.  No Basis for Equitable Tolling

A movant is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida* , 560 U.S. 631, 649 (2010) (quotations and citation omitted). Equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).  Moreover, courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (citations omitted).

O'Meara bears the burden of establishing that equitable tolling is appropriate in her case. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).  However, even when liberally construed, O'Meara's arguments in favor of equitable tolling are unpersuasive.  First, O'Meara did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).  As noted, she squandered the entire one-year post-conviction

period, waiting two years after her conviction became final to mail the pleading that contained the arguments challenging her sentence that were ultimately construed as a § 2255 motion. While O'Meara complains that her defense counsel failed to file a direct appeal, she does not allege that she was actively misled about her habeas remedies or that she was prevented in some extraordinary way from asserting her rights. Moreover, extended periods of inactivity clearly indicate a lack of due diligence, and unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (concluding "equity is not intended for those who sleep on their rights" (quotations and citations omitted)). Additionally, neither O'Meara's *pro se* status nor her unfamiliarity with the law rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See Petty*, 530 F.3d at 365–66.

Accordingly, the Court finds that O'Meara has failed to carry her burden of establishing that equitable tolling is warranted in this case.

### III.  CONCLUSION

For the foregoing reasons, O'Meara's motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SO RECOMMENDED** on April 7, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).